**IMG-267**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3893
_____

BAOJIN LIU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-782-488)
Immigration Judge: Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2010
Before:  AMBRO, CHAGARES AND ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 10, 2010)
_____

OPINION
_____

PER CURIAM

    Baojin Liu seeks review of the Board of Immigration Appeals' ("BIA") final order

dismissing his appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We will deny the

petition.

Liu, a native and citizen of China, entered the United States in August 2007. He was later charged with entering the United States without being admitted or paroled, in violation of INA § 212(a)(6)(A)(i). Liu conceded removability and applied for asylum, withholding of removal, and relief under the CAT, claiming that he experienced past persecution and fears future persecution on account of China's coercive family planning policy.

Specifically, Liu claimed that after his wife gave birth to their first child, a son, she was forcibly taken by family planning officials for insertion of an IUD device. Liu testified that although officials determined that she was not suitable for an IUD at that time, they required her to report to them for monthly check-ups. Liu claimed that when he found out about the attempted IUD insertion, he went to his local government service center to ask why his wife had been taken.

Liu claimed that after his wife became pregnant for a second time, the couple went into hiding at her aunt's home. However, Liu testified that family planning officials discovered the couple and Liu's wife was removed from the home and forced to undergo an abortion and IUD insertion. During the incident, Liu attempted to push the officials away from his wife, but they restrained him and pushed him to the ground. Soon thereafter, Liu left China for the United States. Liu testified that he would like to have more children, but fears that his wife will be sterilized if she has another child. He also testified that he believes he will be fined and detained by the Chinese government if he is returned to China.

In an October 2008 opinion, the IJ denied Liu's application for asylum and related

relief. Although the IJ found that he testified credibly, he was unable to conclude that Liu suffered past persecution, or had a well-founded fear of future persecution, on account of China's family planning policy. First, the IJ concluded that pursuant to the Attorney General's decision in Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008), Liu did not automatically qualify as a refugee based on his wife's alleged forced abortion and IUD insertion. To the extent that Liu sought relief based upon his own opposition to the family planning policy, the IJ concluded that his experiences in China did not rise to the level of persecution. The IJ also found that Liu presented no evidence suggesting that the Chinese government is still seeking to punish him based on his alleged previous opposition to the country's family planning policy. The IJ concluded that Liu's claim of future persecution was too speculative and he was not entitled to relief.

Liu appealed the IJ's ruling and, in September 2009, the BIA affirmed. Liu filed a timely petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252. "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Whether an applicant has demonstrated past persecution or a well-founded fear of future persecution is a question of fact, which we review for substantial evidence. Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). This means that we must uphold the BIA's findings to the extent they are "supported by reasonable, substantial and probative evidence on the record as a whole." Id.

3

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The INA further states that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." Id. We have held, however, that there is no automatic refugee status for spouses of individuals who have been subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). Thus, to the extent that Liu relies on his wife's forced abortion and IUD insertion to support his application for asylum, our decision in Lin- Zheng precludes the claim.

Spouses remain eligible for relief in their own right provided that they qualify as refugees based upon their own persecution. See id. (noting that the statute confers refugee status on a person who has been persecuted for "other resistance" to a coercive population control program or has a well-founded fear that he will be subject to persecution for such resistance); see also 8 U.S.C. § 1101(a)(42)(B). Here, Liu argues that he "provided substantial evidence [of] a local coercive family planning policy in his place of last habitual residence and evidence that he resisted those practices both vocally. . . and physically." (See Pet. Br. at 19.)

Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." Lukwago v. Ashcroft, 329 F.3d 157, 168 (3d Cir. 2003) (internal quotation marks and citation omitted). It does not

include "all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id. at 167-168. We agree with the BIA that Liu, who has the burden of establishing his eligibility for asylum, see 8 C.F.R. § 208.13(a), has not met that standard.

Liu did not claim to have ever been jailed, fined, or hospitalized for his alleged resistance to the family planning policy. Although he claimed that when officials forcibly took his wife to have an abortion he was restrained and pushed to the ground, such a claim of "other resistance" does not rise to the level of past persecution or constitute a basis for a well-founded fear of future persecution. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (an alleged beating that does not result in any injuries that required medical attention does not constitute persecution).

Where past persecution is not established, an alien can demonstrate a well-founded fear of future persecution by showing that he has "genuine fear," and that a "reasonable person in [his] circumstances would fear persecution if returned to [his] native country." Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003) (internal quotation marks and citation omitted). The BIA correctly noted that there is no record evidence suggesting that Chinese authorities have a present interest in Liu, or that he has a well-founded fear of future persecution based on his purported resistance to the family planning policy. We conclude that the asylum claim was properly denied.

Because Liu did not meet his burden of proof as to his asylum claim, his claim for withholding of removal necessarily fails, as does his claim for protection under the CAT. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008).

Accordingly, we will deny the petition for review.